CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 08 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES CARROLL, | ) | CASE NO. 7:15CV00702 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| P. SCARBERRY, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Charles Carroll, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison food service officials denied him fresh fruit for two weeks, from September 26 to October 12, 2015. He seeks monetary damages for this alleged violation of unspecified constitutional rights. After review of the record, the court concludes that this civil action must be summarily dismissed as frivolous.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or rests on "factual contentions [which] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The court liberally construes Carroll's complaint as claiming that lack of fresh fruit is cruel and unusual punishment. The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). However, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. To state a constitutional claim regarding past conditions of confinement, a prisoner must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

Carroll simply states no facts suggesting that his lack of access to fresh fruit for two weeks or more caused him any physical harm whatsoever. Accordingly, the court can find no factual basis for an Eighth Amendment claim against anyone,[1] and will summarily dismiss the action under § 1915A(b)(1) as frivolous. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of February, 2016.

_____
Chief United States District Judge

---

[1] Carroll's complaint does not specify the constitutional provision under which he intends to assert his § 1983 claims. However, copies of his prison grievances in the record show that he complained about pudding or juice that defendants substituted for fresh fruit items on the Common Fare religious diet menu. Officials' unsworn responses to his grievance forms indicate that a dietician had approved these substitute items as consistent with the religious and nutritional needs of inmates on the Common Fare diet. Moreover, Carroll does not show that his religious beliefs require the Common Fare diet, and he states no facts showing that a two-week period with no fresh fruit placed a substantial burden on his religious beliefs, as required to state any actionable claim under the First Amendment Free Exercise Clause. See, e.g., Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981).

2